Aaron J. Tolson, Esq.
TOLSON & WAYMENT, PLLC
2677 E. 17th Street, Suite 300
Ammon, Idaho, 83406
Email: ajt@aaronjtolsonlaw.com
Telephone: 208-228-5221
Fax: 208-228-5200
I.S.B. #6558

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>REN MCKAY GUTHRIE and EMILY RAQUEL GUTHRIE,<br><br>　　　　　Debtors in Possession. | Case No. 19-40908<br><br>Chapter 7 |
| J. CARLO CANNELL,<br><br>　　　　　Plaintiff,<br>vs.<br><br>REN MCKAY GUTHRIE,<br><br>　　　　　Defendant. | Adversary Case No. 19-08066-JMM |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY PROCEEDING**

COMES NOW the Defendant, Ren McKay Guthrie, by and through their attorney of record, Aaron J. Tolson, and pursuant to Rule 12(b)(6) applicable through Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, hereby move to dismiss Adversary No. 19-08066-JMM on the basis that the Plaintiff fails to state a claim upon which relief can be granted.

1 —    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY PROCEEDING

## INTRODUCTION

Debtor was a part owner of two Brothers construction, Inc. For many years Two Brothers did a excellent job building recreation luxury homes for out-of-state customers, like the Plaintiff in this case.

This was a big expensive project involving rest to both parties which they tried to contract for. As stated in the contract the dead tour on behalf of the company did the best he could to estimate and otherwise provide accurate accounting for what the Plaintiff was paying for. The contract speaks for itself in that the company could submit estimates and invoices to get project moneys.

Neither Idaho nor Wyoming operates construction under a construction trust fund statute. Like most companies in bankruptcy they ran out of money before they could complete the Plaintiff's project. The company is in chapter 7 bankruptcy as is the individual debtor Mr. Guthrie.

For some reason the Plaintiff has determined that he can seek a nondischargeable debt from an individual debtor owner of a bankrupt company, who is situated the same as many other bankrupt contractors.

Despite all of the prior work done to try and find grounds for this adversary, Plaintiff still have nothing but conclusory allegations that fail to state any claim of fraud pursuant to 11 U.S.C. §523(a)(2) of (a)(4), or to substantiate any other claims.

## BACKGROUND

Plaintiff's appear to assert that the following facts show the requisite fraudulent intent required as a basis for this adversary:

1. In Paragraph 24 of Plaintiff's Adversary Complaint it states: "Debtor repeatedly stated that delays were caused by health, family, weather and other issues and the

plaintiff later learned that the purported reasons were false when made by Debtor."

2. In Paragraph 26 of Plaintiff's Adversary Complaint it states: "plaintiff discovered multiple misrepresentations and conversion".

3. In Paragraph 30 of Plaintiff's Adversary Complaint it states: "Debtor 'misappropriated' funds" which is reiterated many times.

4. In Paragraph 82 of Plaintiff's Adversary Complaint, it references: "the above 18 incidents of fraud, larceny, embezzlement, misappropriation, and willfully malicious conversion".

5. In Paragraph 84 of Plaintiff's Adversary Complaint it states: "other instances of fraud, larceny, embezzlement" etc "may be uncovered".

6. In Paragraph 85 of Plaintiff's Adversary Complaint: "poor workmanship and re-mediation" is claimed.

7. In Paragraph 88-99 of Plaintiff's Adversary Complaint: Plaintiffs claim under 523(a) 2 (A) false representations, but no such communications have been set forth or are set forth. In fact in no place does the complaint allege that a billing sent to Plaintiff contained a request not owed on the project, rather it appears to be a listing of bills on the project and the payment history by two brothers Inc.

8. In Paragraph 100-108 of Plaintiff's Adversary Complaint: Plaintiffs claim under 523(a) 4 alleged embezzlement and fiduciary role on the bank account but does not link that to a specific action of debtor.

9. In Paragraph 109-113 of Plaintiff's Adversary Complaint: Plaintiffs claim under 523(a) 6 states a willful malicious and subjective intent, but no other specific information.

## ARGUMENT

In a pair of decisions, <u>Bell Atlantic v. Twombly</u> in 2007 and <u>Ashcroft v. Iqbal</u> in 2009, the Supreme Court announced a new pleading standard. The decisions allow Federal Judges to dismiss a complaint if it does not set out a "plausible" theory. The Plaintiffs appear to have made conclusory guesses as to the culpability of debtors to lose their discharge. The facts show a builder who ran out of money. The loss of a discharge is a terrible thing, which deserves specific pleading. The Plaintiffs Adversary Complaint should be dismissed as not meeting the <u>Twombly</u> standard.

## CONCLUSION

The Plaintiffs Adversary Complaint contains mere conclusory statements and does not meet the pleading standard. Additionally, Plaintiffs are subject to res judicata and collateral estoppel and the Adversary Complaint should be dismissed.

DATED this ____ day of January, 2020.

_____
Aaron J. Tolson
Attorney for Defendant

4 — MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ADVERSARY PROCEEDING

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2020, I filed a copy of the attached document with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

    Brent Russel Wilson bwilson@hawleytroxell.com, dsorg@hawleytroxell.com
    Aaron J Tolson ajt@aaronjtolsonlaw.com
    US Trustee ustp.region18.bs.ecf@usdoj.gov

I further certify that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

_____
Aaron J. Tolson